UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHAROTTE DIVISION
3:18-cv-224-FDW

| AZIZ MANTEEN-EL, | ) |  |
| --- | --- | --- |
|  | ) |  |
| **Plaintiff,** | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| W. ROBERT BELL, et al., | ) |  |
|  | ) |  |
|  | ) |  |
| **Defendants.** | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). See 28 U.S.C. §§ 1915(e), 1915A(a). Plaintiff is proceeding in forma pauperis. (Doc. No. 6).

**I.  FACTS**

Pro se Plaintiff Aziz Manteen-El, a North Carolina pre-trial detainee incarcerated in the Mecklenburg County Jail, filed the instant Complaint on April 30, 2018, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: (1) W. Robert Bell, identified as a North Carolina Superior Court judge; (2) P. Lytle, identified as a state magistrate in North Carolina; (3) R. Andrew Murray, identified as a District Attorney in Charlotte, North Carolina; (4) Karen D. McCullum, identified as an Assistant Public Defender in Charlotte, North Carolina; (5) Kevin Tully, identified as a Public Defender in Charlotte, North Carolina; (6) Jessica B. Delucia, identified as an Assistant Public Defender in Charlotte, North Carolina; (7) Peter Nicholson, identified as an Assistant Public Defender in Charlotte, North Carolina; (8) Irwin Carmichael, identified as the Mecklenburg County Sheriff; (9) FNU Morton, identified as an employee of the Mecklenburg County Sheriff's office; (10) FNU Albertson, identified as a Charlotte Mecklenburg

-1-

police officer; and (11) Tashaun S. Lane, identified as an employee of McDonalds in Charlotte, North Carolina. Although Plaintiff's allegations are not clear, he appears to be complaining that he is being unlawfully detained in the Mecklenburg County Jail on some unspecified state criminal charges, after being arrested in Charlotte, North Carolina, on November 21, 2017. Plaintiff seeks compensatory and punitive damages.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Here, Plaintiff complains that he is being wrongfully detained in the Mecklenburg

County Jail because of pending state criminal charges against him based on an illegal arrest. In Younger v. Harris, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, the Court finds that all of the elements of Younger have been met. The Court will, therefore, abstain from addressing Plaintiff's claims while state court criminal charges are pending against him.

Additionally, as to state court judges and magistrates named as Defendants, it is well established law that judges are absolutely immune in a Section 1983 lawsuit for civil liability for actions which they performed in their judicial capacity. Bradley v. Fisher, 80 U.S. 335 (1871). This protection of judicial immunity extends to situations where the allegations raise a question of whether the judicial officer erred in exercising judicial authority. See Dean v. Shirer, 547 F.2d 227, 231 (4th Cir. 1976) ("[T]he law has been settled for centuries that a judge may not be attacked for exercising his judicial authority, even if done improperly."). Here, Plaintiff's allegations relate to conduct by the Defendant judges while they were acting in their judicial capacities. Thus, the Defendant judges are entitled to absolute judicial immunity.

Next, as to any district attorneys and assistant district attorneys named as Defendants, these Defendants enjoy absolute prosecutorial immunity from suit. See Imbler v. Pachtman, 424 U.S. 409 (1976). As to the attorney public defenders named as Defendants, an attorney (whether retained, court-appointed, or a public defender) does not act under color of state law, which is a

jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983).

In sum, for the reasons stated herein, this action will be dismissed.

### IV. CONCLUSION

Having conducted an initial review in accordance with 28 U.S.C. § 1915(e)(2), the Court finds that this action must be dismissed. To the extent that the Court is abstaining from addressing Plaintiff's claims of an illegal detention under Younger, the dismissal is without prejudice.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Complaint is dismissed.

(2) The Clerk is instructed to terminate this action.

Signed: May 18, 2018

Frank D. Whitney
Chief United States District Judge